**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____ District of _____
(State)

Case number (*if known*): _____ Chapter _____

☐ Check if this is an amended filing

## Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy          06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

1. **Debtor's name**
   _____

2. **All other names debtor used in the last 8 years**

   Include any assumed names, trade names, and *doing business as* names

   _____
   _____
   _____
   _____

3. **Debtor's federal Employer Identification Number (EIN)**

   __ __ – __ __ __ __ __ __ __

4. **Debtor's address**

   | Principal place of business | Mailing address, if different from principal place of business |
   |---|---|
   | _____ <br> Number      Street | _____ <br> Number      Street |
   | | _____ <br> P.O. Box |
   | _____ <br> City            State      ZIP Code | _____ <br> City            State      ZIP Code |
   | | **Location of principal assets, if different from principal place of business** |
   | _____ <br> County | _____ <br> Number      Street |
   | | _____ |
   | | _____ <br> City            State      ZIP Code |

5. **Debtor's website (URL)**
   _____

Debtor _____     Case number *(if known)*_____
      <sub>Name</sub>

---

**6.  Type of debtor**

☐ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership (excluding  LLP)

☐ Other. Specify: _____

---

**7.  Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☐ None of the above

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C.  NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

___ ___ ___ ___

---

**8.  Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☐ Chapter 11. *Check **all** that apply:*

    ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

    ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

    ☐ A plan is being filed with this petition.

    ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

    ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

    ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

---

**9.  Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☐ No

☐ Yes.  District _____   When _____   Case number _____
                                             MM / DD / YYYY

         District _____   When _____   Case number _____
                                               MM / DD / YYYY

---

Debtor _____    Case number *(if known)* _____
　　　　　Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

　　List all cases. If more than 1, attach a separate list.

☐ No

☐ Yes.　Debtor _____    Relationship _____

　　　　　District _____    When _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MM / DD / YYYY

　　　　　Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

☐ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☐ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

　　**Why does the property need immediate attention?** *(Check all that apply.)*

　　☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

　　　　What is the hazard? _____

　　☐ It needs to be physically secured or protected from the weather.

　　☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

　　☐ Other _____

　　**Where is the property?** _____
　　　　　　　　　　　　　　　　Number　　　　Street

　　　　　　　　　　　　　　_____

　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　City　　　　　　　　　　　　　　　　State ZIP Code

　　**Is the property insured?**

　　☐ No

　　☐ Yes. Insurance agency _____

　　　　　　Contact name _____

　　　　　　Phone _____

---

**■ Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

☐ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

**14. Estimated number of creditors (on a consolidated basis)**

☐ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5,001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

---

Debtor _____     Case number (if known)_____
       Name

| | | | |
|---|---|---|---|
| **15. Estimated assets**<br>**(on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |
| **16. Estimated liabilities**<br>**(on a consolidated basis)** | ☐ $0-$50,000<br>☐ $50,001-$100,000<br>☐ $100,001-$500,000<br>☐ $500,001-$1 million | ☐ $1,000,001-$10 million<br>☐ $10,000,001-$50 million<br>☐ $50,000,001-$100 million<br>☐ $100,000,001-$500 million | ☐ $500,000,001-$1 billion<br>☐ $1,000,000,001-$10 billion<br>☐ $10,000,000,001-$50 billion<br>☐ More than $50 billion |

## Request for Relief, Declaration, and Signatures

**WARNING** -- Bankruptcy fraud is a serious crime.  Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____
          MM / DD / YYYY

✖ _____     _____
Signature of authorized representative of debtor     Printed name

Title _____

**18. Signature of attorney**

✖ _____     Date _____
Signature of attorney for debtor           MM / DD / YYYY

_____
Printed name

_____
Firm name

_____
Number        Street

_____
City         State     ZIP Code

_____
Contact phone     Email address

_____
Bar number     State

## Schedule 1

## Pending Bankruptcy Cases Filed by the Debtor and Affiliated Entities

On the date hereof, each of the related entities listed below (collectively, the "Debtors"), including the debtor in this chapter 11 case, filed a petition in the United States Bankruptcy Court for the District of Delaware (the "Court") for relief under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532.  Contemporaneously with the filing of their voluntary petitions, the Debtors filed a motion requesting that the Court jointly administer their chapter 11 cases for administrative purposes only.

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Mondee Holdings, Inc. | 88-3292448 |
| Mondee Holdings II, LLC | N/A |
| Mondee, Inc. | 45-3241241 |
| Mondee Brazil, LLC | 92-2208656 |
| Cosmopolitan Travel Service, Inc. | 38-1942948 |
| Cosmopolitan Travel Services Inc. | 80-070447 |
| C & H Travel & Tours, Inc. | 95-3748397 |
| Skylink Travel, Inc. | 95-4078041 |
| Skylink Travel, Inc. | 36-3618776 |
| Skylink Travel Inc. | 13-3194933 |
| Skylink Travel SFO Inc. | 27-5349216 |
| Purple Grids Inc. | 82-3480805 |
| Trans Am Travel, Inc. | 52-1193385 |
| TransWorld Travel, Inc. | 27-3949182 |

| Entity Name | Federal Employer Identification Number (EIN) |
|---|---|
| Hari-World Travel Group, Inc. | 46-0658119 |
| ExploreTrip IP Holdings, Inc. | 45-3244871 |
| ExploreTrip, Inc. | 27-2318320 |
| Mondee Acquisition Company, Inc. | 45-3242692 |
| Rocketrip, Inc. | 46-2473983 |
| Skypass Travel, Inc. | 75-2260895 |
| Skypass Holidays LLC | N/A |

Debtor: Mondee Holdings, Inc.., et al

Case number (if known) ____

Debtor name: Mondee Holdings, Inc., *et al*
United States Bankruptcy Court for the: District of Delaware
Case number (if known):

☐ Check if this is an amended filing

Official Form 204

**Chapter 11 or Chapter 9: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders**     12/15

A list of creditors holding the 30 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 30 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 1 | REED SMITH LLP PO BOX 844487 DALLAS, TX 75284-4487 | Konstantinos (Dean) P. Melitsanopoulos PHONE: (469) 680-4200 EMAIL: kmelitsanopoulos@reedsmith.com | PROFESSIONAL SERVICES | | | | $1,892,422 |
| 2 | AKIN GUMP STRAUSS HAUER & FELD LLP 2300 N. FIELD STREET SUITE 1800 DALLAS, TX 75201-2481 | Alan Laves PHONE: (214) 969-2897 EMAIL: alaves@akingump.com | PROFESSIONAL SERVICES | | | | $948,668 |
| 3 | DELOITTE & TOUCHE LLP 500 WEST 2ND STREET AUSTIN, TX 78701 | Allen Lorenzanto PHONE: (512) 691-2300 EMAIL: alorenzato@deloitte.com | PROFESSIONAL SERVICES | | | | $800,435 |
| 4 | ITC INFOTECH (USA), INC. 12 NORTH STATE, ROUTE 17, SUITE#303 PARAMUS, NJ 07652 | Roopashree N. PHONE: (201) 336-9431 EMAIL: roopashree.n@itcinfotech.com | TRADE DEBT | | | | $723,208 |
| 5 | MILBANK LLP 55 HUDSON YARDS NEW YORK, NY 10001-2163 | Tawfiq Rangwala PHONE: (212) 530.8750 EMAIL: trangwala@milbank.com | PROFESSIONAL SERVICES | CONTINGENT, UNLIQUIDATED, DISPUTED | | | $612,231 |
| 6 | ORACLE AMERICA, INC. 500 ORACLE PARKWAY REDWOOD SHORES, CA 94065 | Sridhar R. PHONE: (888) 803-7414 EMAIL: collections_us@oracle.com | TRADE DEBT | | | | $589,327 |
| 7 | INGENICO EPAYMENTS ONE CALIFORNIA STREET, 22ND FLOOR SAN FRANCISCO, CA 94111 | Andrew Monroe PHONE: (415) 975-0969 EMAIL: Andrew.monroe@ingenico.com | TRADE DEBT | DISPUTED | | | $575,114 |
| 8 | SEARCE INC 3663 NORTH SAM HOUSTON PKWY E, SUITE#600 HOUSTON, TX 77032 | Nikesh Kakkar PHONE: (995) 307-4018 EMAIL: nikesh.kakkar@searce.com | TRADE DEBT | | | | $393,750 |
| 9 | KAYAK SOFTWARE CORPORATION 7 MARKET ST STAMFORD, CT 6902 | Accounts Receivable PHONE: (203) 523-0589 EMAIL: ar@kayak.com | TRADE DEBT | | | | $345,026 |
| 10 | ARMANINO LLP 2700 CAMINO RAMON, STE 350 SAN RAMON, CA 94583 | Eric Chien PHONE: (668) 800-6780 EMAIL: eric.chien@armanino.com | PROFESSIONAL SERVICES | | | | $304,537 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 11 SADA SYSTEMS, INC. 5250 LANKERSHIM BLVD., STE#620 NORTH HOLLYWOOD, CA 91601 | Collections Dept PHONE: (818) 766-2400 EMAIL: collections@sada.com | TRADE DEBT | | | | $232,571 |
| 12 KLDISCOVERY ONTRACK, LLC 9023 COLUMBINE RD EDEN PRAIRIE, MN 55347 | Gabriela Baron PHONE: (952) 937-1107 EMAIL: gabriela.baron@kldiscovery.com | PROFESSIONAL SERVICES | | | | $231,117 |
| 13 INTERBRAND CORPORATION 200 VARICK STREET, 10TH FLOOR NEW YORK, NY 10014 | Amy Laskowitz PHONE: (212) 798-7500 EMAIL: amy.laskowitz@interbrand.com | PROFESSIONAL SERVICES | | | | $218,400 |
| 14 SCHULTE ROTH & ZABEL LLP 919 THIRD AVE NEW YORK, NY 10022 | Helen (Nell) PHONE: (212) 756-2000 EMAIL: helen.ethridge@srz.com | PROFESSIONAL SERVICES | | | | $188,681 |
| 15 UNIQUS CONSULTECH INC 355 BRYANT ST., SUITE#403 SAN FRANCISCO, CA 94107 | Sharad Chaudhry PHONE: +919910502813 EMAIL: priyalnagori@uniqus.com | PROFESSIONAL SERVICES | | | | $165,000 |
| 16 ACCORDION PARTNERS LLC 1 VANDERBILT AVE, FLOOR 24, NEW YORK, NY 10017 | Keith Maib PHONE: (646) 591.4749 EMAIL: kmaib@accordion.com | PROFESSIONAL SERVICES | | | | $161,409 |
| 17 THRUST CARBON LTD 86-90 PAUL STREET, THIRD FLOOR LONDON, EC2A 4NE UNITED KINGDOM | Sarah Whiting PHONE: +44 (0) 2045383344 EMAIL: Sarah@thrustcarbon.com | TRADE DEBT | | | | $155,730 |
| 18 DOORDASH, INC. 303 2ND ST, STE 800 SAN FRANCISCO, CA 94107 | Joseph Cannon PHONE: (847) 621-6119 EMAIL: jcannon@levitonlawfirm.com | TRADE DEBT | | | | $134,388 |
| 19 MORVILLO ABRAMOWITZ GRAND IASON & ANELLO P.C. 565 FIFTH AVENUE NEW YORK, NY 10017 | Ben Fischer PHONE: (212) 856-9600 EMAIL: bfischer@maglaw.com | PROFESSIONAL SERVICES | | | | $132,278 |
| 20 HUTCHISON PLLC 701 CORPORATE CENTER DRIVE, SUITE 250 RALEIGH, NC 27607 | Laura Ferguson PHONE: (919) 829-4295 EMAIL: lferguson@hutchlaw.com | PROFESSIONAL SERVICES | | | | $130,897 |
| 21 EFFECTUS GROUP, LLC 1735 TECHNOLOGY DR, STE 780 SAN JOSE, CA 95110 | Mike McLaughlin PHONE: (702) 787-3818 EMAIL: mmclaughlin@effectusgroup.com | TRADE DEBT | | | | $127,035 |
| 21 VINSON & ELKINS LLP BOX 200828 DALLAS, TX 75320-0828 | Celeste Wolpers PHONE: (713) 758-2135 EMAIL: CWolpers@velaw.com | PROFESSIONAL SERVICES | | | | $114,376 |
| 23 RSM US LLP 5155 PAYSPHERE CIRCLE CHICAGO, IL 60674-5155 | Eliot Mitchell PHONE: (615) 336-1088 EMAIL: Eliot.Mitchell@rsmus.com | PROFESSIONAL SERVICES | | | | $113,660 |
| 24 AMAZON WEB SERVICES 410 TERRY AVENUE NORTH SEATTLE, WA 98109 | Accounts Receivable EMAIL: aws-receivables support@email.amazon.com | TRADE DEBT | | | | $112,379 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured Claim |
| 25  UNIT 4 BUSINESS SOFTWARE, INC DEPT CH 10958 PALATINE, IL 60055-0958 | ACCOUNTS RECEIVABLE PHONE: (800) 892-2519 EMAIL: NA-AR@unit4.com | TRADE DEBT | | | | $107,985 |
| 26  FACEBOOK, INC 1 HACKER WAY MENLO PARK, CA 94025 | LEGAL PHONE: (650) 543-4800 EMAIL: legal@fb.com | TRADE DEBT | | | | $104,889 |
| 27  PROCOPIO, CORY, HARGREAVES & SAVITCH LLP 525 B ST, STE 2200 SAN DIEGO, CA 92101 | EDWARD C. WALTON PHONE: (619) 515-3222 EMAIL: ed.walton@procopio.com | PROFESSIONAL SERVICES | | | | $104,034 |
| 28  MARCUM LLP 10 MELVILLE PARK ROAD  MELVILLE, NY 11747-3146 | PHONE: (212) 485.5500 EMAIL: info@marcumllp.com | PROFESSIONAL SERVICES | | | | $103,000 |
| 29  THREE PART ADVISORS, LLC 2140 LAKE PARK BLVD, STE 112 RICHARDSON, TX, 75080 | DAVE MOSSBERG PHONE: (817) 778-8423 EMAIL: dmossberg@threepa.com | PROFESSIONAL SERVICES | | | | $98,100 |
| 30  DATADOG, INC. DEPT CH 17763 PALATINE, IL, 60055-7763 | SALES PHONE: (866) 329-4466 ext. 1 EMAIL: info@datadoghq.com | PROFESSIONAL SERVICES | | | | $96,638 |

## <u>CERTIFICATE OF THE SECRETARY</u>
## <u>OF THE ENTITIES SET FORTH ON SCHEDULE I</u>

The undersigned, being the Secretary of each of the entities set forth on Schedule I hereto  (each, a "<u>Company</u>" and, collectively, the "<u>Companies</u>"), hereby certifies as follows:

1.  I am the duly qualified and elected Secretary of each of the Companies set forth on Schedule I and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each Company.

2.  Attached hereto as <u>Exhibit A</u> is a true and complete copy of the Resolutions (the "<u>Resolutions</u>") approved by each Board of Directors (each, a "<u>Board of Directors</u>") of each Company or the Board of Managers (each, a "<u>Board of Managers</u>" and together with each Board of Directors, collectively, the "<u>Boards</u>") of each Company, as applicable, duly adopted at a lawfully convened meeting of the Boards on January 14, 2025 (the "<u>Meeting of the Boards</u>"), by vote of the members of each of the Boards.

3.  The size of each of the Boards is as set forth below, and a quorum of each of the Boards was present.  The Resolutions were approved by members of each of the Boards as indicated below.

| Company | Number of Members of Board of Directors or Board of Managers, as applicable | Number of Members of Board of Directors or Board of Managers Approving, as applicable | Names of Nonconsenting Members of Board of Directors or Board of Managers, as applicable |
|---|---|---|---|
| C & H Travel & Tours, Inc., a California corporation | 4 | 4 | |
| Cosmopolitan Travel Service, Inc., a Michigan corporation | 4 | 4 | |
| Cosmopolitan Travel Services Inc., a New York corporation | 4 | 4 | |
| ExploreTrip, Inc., a Delaware corporation | 4 | 4 | |
| ExploreTrip IP Holdings, Inc., a Delaware corporation | 4 | 4 | |
| Hari-World Travel Group, Inc., a Delaware corporation | 4 | 4 | |

| | | | |
|---|---|---|---|
| Mondee Acquisition Company, Inc., a Delaware corporation | 4 | 4 | |
| Mondee Brazil, LLC, a Delaware limited liability company | 4 | 4 | |
| Mondee Holdings, Inc., a Delaware corporation | 11 | 11 | |
| Mondee Holdings II, LLC, a Delaware limited liability company | 3 | 3 | |
| Mondee, Inc., a Delaware corporation | 4 | 4 | |
| Purple Grids Inc., a Delaware corporation | 5 | 5 | |
| Rocketrip, Inc., a Delaware corporation | 4 | 4 | |
| SkyLink Travel, Inc., a California corporation | 4 | 4 | |
| SkyLink Travel, Inc., an Illinois corporation | 4 | 4 | |
| SkyLink Travel Inc., a New York corporation | 4 | 4 | |
| SkyLink Travel SFO Inc., a California corporation | 4 | 4 | |
| Skypass Holidays LLC, a Texas limited liability company | 5 | 4 | Victor Abraham |
| Skypass Travel, Inc., a Texas corporation | 6 | 5 | Victor Abraham |
| Trans Am Travel, Inc., a Virginia corporation | 4 | 4 | |
| TransWorld Travel, Inc., a Delaware corporation | 4 | 4 | |

4.      Such Resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions of any of the Boards relating to the matters set forth in the Resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 14th day of January, 2025.

By: _____
Name: Jesus Portillo
Title:  Secretary

## Schedule I

C & H Travel & Tours, Inc., a California corporation
Cosmopolitan Travel Service, Inc., a Michigan corporation
Cosmopolitan Travel Services Inc., a New York corporation
ExploreTrip, Inc., a Delaware corporation
ExploreTrip IP Holdings, Inc., a Delaware corporation
Hari-World Travel Group, Inc., a Delaware corporation
Mondee Acquisition Company, Inc., a Delaware corporation
Mondee Brazil, LLC, a Delaware limited liability company
Mondee Holdings, Inc., a Delaware corporation
Mondee Holdings II, LLC, a Delaware limited liability company
Mondee, Inc., a Delaware corporation
Purple Grids Inc, a Delaware corporation
Rocketrip, Inc., a Delaware corporation
SkyLink Travel, Inc., a California corporation
SkyLink Travel, Inc., an Illinois corporation
SkyLink Travel Inc., a New York corporation
SkyLink Travel SFO Inc., a California corporation
Skypass Holidays LLC, a Texas limited liability company
Skypass Travel, Inc., a Texas corporation
Trans Am Travel, Inc., a Virginia corporation
TransWorld Travel, Inc., a Delaware corporation

## **Exhibit A**

Resolutions

*See attached.*

**RESOLUTIONS**
**OF THE**
**BOARD OF DIRECTORS AND BOARD OF MANAGERS OF THE**
**ENTITIES SET FORTH ON**
**SCHEDULE I, SCHEDULE II, AND SCHEDULE III HERETO**

Adopted January 14, 2025

**WHEREAS**, (i) all of the members of the board of directors (in such capacity, the "Schedule I Directors") of each entity listed on Schedule I hereto (each, a "Schedule I Entity" and collectively, the "Schedule I Entities"), (ii) all of the members of the board of managers (in such capacity, the "Schedule II Managers") of each entity listed on Schedule II hereto (each, a "Schedule II Entity" and collectively, the "Schedule II Entities"), and (iii) all of the members of the board of directors (in such capacity, the "Schedule III Directors") of the entity listed on Schedule III hereto (the "Schedule III Entity" and together with the Schedule I Entities and the Schedule II Entities, each, a "Company" and, collectively, the "Companies") met at a lawfully convened meeting of the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors on January 14, 2025;

**WHEREAS**, on December 17, 2024, pursuant to the Omnibus Written Consent of the Stockholders (the "Stockholder Consent"), the stockholders of the Schedule I Entities amended the bylaws of each of the Schedule I Entities to create a special committee of the board of directors of each Schedule I Entity (the "Schedule I Special Committees"), which would have the exclusive power and authority to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule I Entity;

**WHEREAS**, the Stockholder Consent provides that the Board of Directors of each Schedule I Entity (the "Schedule I Boards") shall not take any action regarding certain matters, including, the potential restructuring of operations, which shall include overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule I Entity, without a prior favorable recommendation thereof from the special committee of such Schedule I Entity;

**WHEREAS**, on December 17, 2024, pursuant to the Omnibus Written Consent of the Sole Members (the "Sole Member Consent"), the sole members of the Schedule II Entities amended the operating agreements of each of the Schedule II Entities to create a special committee of the board of managers of each Schedule II Entity (the "Schedule II Special Committees"), which would have the exclusive power and authority to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule II Entity;

**WHEREAS**, the Sole Member Consent provides that the Board of Managers of each Schedule II Entity (the "Schedule II Boards") shall not take any action regarding certain matters, including, the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule II Entity, without a prior favorable recommendation thereof from the special committee of such Schedule II

Entity;

WHEREAS, on December 17, 2024, pursuant to the Unanimous Written Consent of the Board of Directors of Mondee Holdings, Inc. (the "Board Consent"), the board of directors of the Schedule III Entity established a special committee of the Board (the "Schedule III Special Committee" and, together with the Schedule I Special Committees and the Schedule II Special Committees, each, a "Special Committee" and collectively, the "Special Committees") and delegated exclusive power and authority to such special committee to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to the Schedule III Entity;

WHEREAS, the Board Consent provides that the Board of Directors of the Schedule III Entity (the "Schedule III Board") shall not take any action regarding certain matters, including, the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to the Schedule III Entity, without a prior favorable recommendation thereof from the special committee of the Schedule III Entity;

WHEREAS, (i) the Schedule I Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Directors, acting on behalf of the Schedule III Entity, have reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the market for each Company's assets, credit market conditions, and macroeconomic conditions impacting each Company;

WHEREAS, the Schedule I Directors and the Schedule II Managers, acting on behalf of Skypass Travel, Inc., a Texas corporation ("Skypass Travel"), and Skypass Holidays LLC, a Texas limited liability company ("Skypass Holidays" and, together with Skypass Travel, each, a "Skypass Entity" and jointly, the "Skypass Entities"), respectively, have determined that it is advisable and in the best interests of the Skypass Entities to designate Moshin Meghji ("Meghji") to serve as Chief Restructuring Officer ("CRO") of each of the Skypass Entities;

WHEREAS, as a result of the financial condition of each Company, each Company engaged counsel and financial advisors to provide advice to the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, as applicable, regarding their obligations to its creditors, equity holders, employees and other interested parties;

WHEREAS, (i) the Schedule I Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Directors, acting on behalf of the Schedule III Entity, have had the opportunity to consult with senior management of each Company and each Company's legal, financial, and other advisors and fully consider the strategic alternatives available to each Company;

WHEREAS, (i) the Schedule I Directors, acting, as applicable, on behalf of the

Schedule I Entities, (ii) the Schedule II Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Directors, acting on behalf of the Schedule III Entity, have received, reviewed, and considered the recommendations of the senior management of each Company and each Company's legal and financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "Bankruptcy Code") and has determined that, in its judgment, it is advisable and in the best interests of each Company, its creditors, equity holders, employees and other interested parties that each Company voluntarily files petitions (each, a "Petition" and collectively, the "Petitions" and, such cases, the "Bankruptcy Cases") for relief under the Bankruptcy Code; and

WHEREAS, in support of the Bankruptcy Cases, each Company intends to enter into (i) that certain *Superpriority Secured Debtor-in-Possession Financing Agreement* (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof, together with the schedules and exhibits attached thereto, and all agreements, documents, instruments and amendments executed and delivered in connection therewith, the "DIP Documents"), by and among Mondee, Inc. and its domestic direct and indirect subsidiaries, as borrowers, Mondee Holdings, Inc., Mondee Holdings II, LLC, and Mondee Brazil, LLC, as guarantors, the lenders from time to time party thereto and TCW Asset Management Company, LLC, as administrative agent and collateral agent (the "DIP Agent"), on the terms and subject to the conditions expressly set forth therein, (ii) that certain *Asset Purchase Agreement* (the "Stalking Horse APA"), by and among Mondee Holdings, Inc., and the Purchaser (as defined therein) and any of its permitted assignees, and the other parties thereto, consistent with the terms set forth in that certain *Stalking Horse Term Sheet* attached as Exhibit D to the RSA (as defined herein) and (iii) that certain *Restructuring Support Agreement*, dated January 14, 2024, by and among the Companies, Prasad Gundumogula, and the Consenting Prepetition Lenders (as defined therein) (the "RSA");

WHEREAS, the respective Special Committees have reviewed and approved the following resolutions, and have made a favorable recommendation to each of (i) the Schedule I Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Directors, acting on behalf of the Schedule III Entity, in each case, to approve the following resolutions; and

WHEREAS, (i) the Schedule I Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Directors, acting on behalf of the Schedule III Entity, desire to adopt and approve the following resolutions.

**NOW, THEREFORE, BE IT:**

## Commencement and Prosecution of the Bankruptcy Cases

**RESOLVED**, that, in the judgment of the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, it is desirable and in the best interests of each Company, its creditors, stockholders, employees, and other interested parties that a Petition be filed by each Company in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy

<u>Court</u>") commencing the Bankruptcy Cases under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the filing of the Petitions on behalf of the Companies be, and the same hereby is, approved, authorized, and adopted in all respects and that each Company's chief executive officer, chief financial officer, and chief restructuring officer (each of the foregoing, individually, an "<u>Authorized Officer</u>" and collectively, the "<u>Authorized Officers</u>"), be and they hereby are, authorized and empowered on behalf of such Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time and in such form as any of the Authorized Officers may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petitions with the Bankruptcy Court); and it is further

**RESOLVED**, that the respective Authorized Officers of each Company be, and hereby are, authorized to (a) execute and file the Petitions, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations and other papers that any of the Authorized Officers may determine necessary or proper in connection with such Bankruptcy Cases, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the Bankruptcy Cases in such form or forms as any of the Authorized Officers may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as any of the Authorized Officers determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by any such Authorized Officer; and it is further

### Retention of Professionals

**RESOLVED**, that the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("<u>Fried Frank</u>"), located at One New York Plaza, New York, NY 10004, shall be, and hereby is, authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including the preparation of pleadings and filings in its Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Fried Frank; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>"), located at 1000 North King Street, Wilmington, DE, 19801, shall be, and hereby is, authorized, directed and empowered to represent each Company as Delaware bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including the preparation of pleadings and filings in its Bankruptcy Cases; and in connection

therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that M3 Advisory Partners, LP ("M3"), located at 1700 Broadway, New York, NY 10019, shall be, and hereby is, authorized, directed and empowered to provide to each Company restructuring advisors to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate motion or application for authority to retain the services of M3; and it is further

RESOLVED, that Piper Sandler & Co. ("Piper Sandler"), located at 600 Lexington Ave. 9th floor, New York, NY 10022, shall be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist each Company in connection with the potential restructuring of each such Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each such Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Piper Sandler; and it is further

RESOLVED, that Kroll Restructuring Administration LLC ("Kroll" and together with Fried Frank, Young Conaway, M3 and Piper Sandler, collectively, the "Advisors"), located at 55 East 52nd Street, 17th Floor, New York, NY 10055, shall be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

RESOLVED, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance each Company's rights and obligations and facilitate the Bankruptcy Cases; and it is further

## Restructuring Support Agreement

**RESOLVED**, that in the judgment of the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, it is desirable and in the best interests of each Company and its creditors, stockholders, employees, and other interested parties to enter into and perform the restructuring transactions contemplated by the RSA with the Consenting Prepetition Lenders and Prasad Gundumogula, including the Plan (as defined therein), and any action heretofore taken by each such Company in connection with the RSA and the Plan is hereby approved and ratified; and it is further

**RESOLVED**, that the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the respective Companies, to execute, acknowledge, and deliver the RSA with such changes, additions, and modifications thereto as any such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is further

## Postpetition Financing and Sale Process

**RESOLVED**, that in connection with the Bankruptcy Cases, the respective Authorized Officers of each Company shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for post-petition financing and use of cash collateral on terms substantially similar to those described or provided to the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, as applicable, including with respect to the DIP Documents; (b) pledge and grant liens on each of the Companies' assets as may be contemplated by or required under the terms of such post-petition financing; or (c) execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified, and to amend, supplement or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, postpetition financing documents and loan agreements (including any ancillary documents thereto) in such form as any such Authorized Officer may approve, and to take any and all actions that any such Authorized Officer determines advisable, necessary or appropriate in connection with any post-petition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, as applicable, to be conclusively evidenced by the execution thereof or taking of such action by any such Authorized Officer; and it is further

**RESOLVED**, that in connection with the Bankruptcy Cases, the respective Authorized Officers of each Company shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of each of the respective Companies, to commence a bidding and sale process for each such Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that in connection with the Bankruptcy Cases, the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors have determined it is desirable

and in the best interest of each Company to enter into that certain Stalking Horse Agreement, and to continue, after commencement of the Bankruptcy Cases, the marketing for sale of each Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets or otherwise, in each case subject to the terms and conditions set forth therein and the bidding procedures established by the Bankruptcy Court and further authorization of the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, as applicable, of any such sale; and it is further

**RESOLVED**, that the execution and delivery of (a) the Stalking Horse APA, with such changes therein and additions thereto as the respective Authorized Officers of each Company executing the same shall approve, the execution thereof by any such Authorized Officer to be deemed conclusive evidence of such approval, and (b) the other sale documents, including, without limitation, any exhibits, appendices, and schedules thereto, and the performance by each of the respective Companies of its obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified, and approved with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by any such Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness, and such approval is intended to and shall constitute all authorization and approval required by the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, as applicable; and it is further

**RESOLVED**, that each of the respective Authorized Officers of each Company is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by each of the respective Companies of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by the respective Authorized Officers of each Company, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of each Company, the Board, the Schedule I Directors, the Schedule II Managers, and the Schedule III Directors, in the name and on behalf of each of the respective Companies in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

## Appointment of CRO

**RESOLVED**, that Meghji is hereby appointed as CRO of each of the Skypass Entities and shall serve until such time as Meghji's successor shall be duly elected and qualified or until Meghji's earlier death, resignation, or removal as provided for in the bylaws or equivalent organizational documents of Skypass Travel, and the operating agreement or equivalent organizational documents of Skypass Holidays; and it is further

**RESOLVED**, that the respective Authorized Officers of each Skypass Entity be, and each of them, acting alone or in any combination, hereby is, authorized, directed and

empowered, on behalf of the respective Skypass Entities, to execute, acknowledge, and deliver any documents and to take any actions necessary to carry out the appointment of Meghji as CRO; and it is further

      **RESOLVED**, that Meghji is hereby authorized, directed, and empowered, as CRO, on behalf of the Skypass Entities, to execute and deliver any documents, instruments, schedules, affidavits, or any other papers or documents to be entered into by the Skypass Entities, for any purpose, and take any and all actions that may be necessary, appropriate, desirable, or convenient, in Meghji's discretion in connection with the foregoing, on behalf of the Skypass Entities, to give effect to any such documents; and it is

## <u>General Authorizations</u>

      **RESOLVED**, that in addition to the specific authorizations set forth in the foregoing resolutions, the respective Authorized Officers of each Company be, and each of them hereby is, authorized and empowered, in the name and on behalf of each of the respective Companies to take or cause to be taken any and all further actions, to prepare or to cause to be prepared, or to execute and deliver or cause to be executed and delivered, all such other documents, certificates, instruments and agreements, and to make such filings, in the name and on behalf of each of the respective Companies, to incur and pay any or all such amounts, fees and expenses and engage in any or all such acts, including engaging any persons, as they shall in his or her judgment determine to be necessary, desirable or advisable to carry out fully the intent and purposes of the foregoing resolutions and effect the transactions contemplated by the foregoing resolutions, including, without limitation, any amendment, modification, extension, waiver or consent in connection therewith, and the execution by any of the Authorized Officers of any such documents, certificates, instruments or agreements, or the payment of any such amounts, fees and expenses or the doing by any of them of any act in connection with the foregoing matters shall be conclusive evidence of his or her authority therefor and the approval of the documents, certificates, instruments and agreements so executed, the amounts, fees and expenses so paid, the filings so made and the actions so taken; and it is further

      **RESOLVED**, that the actions heretofore taken by any director or officer of each of the Companies in connection with the documents or actions contemplated by the foregoing resolutions are hereby approved, ratified and confirmed in all respects as and for the acts and deeds of the Companies; and it is further

      **RESOLVED**, that each or any of the respective Authorized Officers of each Company, acting on behalf of each of the respective Companies, is hereby authorized to execute in the future any amendments or other documents that may be required or desirable to modify, amend, maintain, extend, renew or evidence the documents and transactions described herein.

## Schedule I

C & H Travel & Tours, Inc., a California corporation
Cosmopolitan Travel Service, Inc., a Michigan corporation
Cosmopolitan Travel Services Inc., a New York corporation
ExploreTrip, Inc., a Delaware corporation
ExploreTrip IP Holdings, Inc., a Delaware corporation
Hari-World Travel Group, Inc., a Delaware corporation
Mondee Acquisition Company, Inc., a Delaware corporation
Mondee, Inc., a Delaware corporation
Purple Grids Inc, a Delaware corporation
Rocketrip, Inc., a Delaware corporation
SkyLink Travel, Inc., a California corporation
SkyLink Travel, Inc., an Illinois corporation
SkyLink Travel Inc., a New York corporation
SkyLink Travel SFO Inc., a California corporation
Skypass Travel, Inc., a Texas corporation
Trans Am Travel, Inc., a Virginia corporation
TransWorld Travel, Inc., a Delaware corporation

## **Schedule II**

Mondee Brazil, LLC, a Delaware limited liability company
Mondee Holdings II, LLC, a Delaware limited liability company
Skypass Holidays LLC, a Texas limited liability company

## **Schedule III**

Mondee Holdings, Inc., a Delaware corporation

## CERTIFICATE OF THE SECRETARY
## OF THE ENTITIES SET FORTH ON SCHEDULE I

The undersigned, being the Secretary of each of the entities set forth on Schedule I hereto (each, a "Company" and, collectively, the "Companies"), hereby certifies as follows:

1.    I am the duly qualified and elected Secretary of each of the Companies set forth on Schedule I and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each Company.

2.    Attached hereto as Exhibit A is a true and complete copy of the Resolutions (the "Resolutions") approved by each Special Committee (each, a "Special Committee" and collectively, the "Special Committees") of the Board of Directors (each, a "Board of Directors") of each Company or the Board of Managers (each, a "Board of Managers" and together with each Board of Directors, collectively, the "Boards") of each Company, as applicable, duly adopted at a lawfully convened meeting of the Special Committees of the Boards on January 14, 2025 (the "Special Committees Meeting"), by vote of the members of each Special Committee.  The size of each of the Special Committees is three members, and a quorum of the Special Committees was present.  The Resolutions were unanimously approved by all three members of each Special Committee.

3.    Such Resolutions have not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof.  There exist no other subsequent resolutions of any of the Special Committees relating to the matters set forth in the Resolutions attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 14th day of January, 2025.

By: _____
Name: Jesus Portillo
Title:  Secretary

## Schedule I

C & H Travel & Tours, Inc., a California corporation
Cosmopolitan Travel Service, Inc., a Michigan corporation
Cosmopolitan Travel Services Inc., a New York corporation
ExploreTrip, Inc., a Delaware corporation
ExploreTrip IP Holdings, Inc., a Delaware corporation
Hari-World Travel Group, Inc., a Delaware corporation
Mondee Acquisition Company, Inc., a Delaware corporation
Mondee Brazil, LLC, a Delaware limited liability company
Mondee Holdings, Inc., a Delaware corporation
Mondee Holdings II, LLC, a Delaware limited liability company
Mondee, Inc., a Delaware corporation
Purple Grids Inc, a Delaware corporation
Rocketrip, Inc., a Delaware corporation
SkyLink Travel, Inc., a California corporation
SkyLink Travel, Inc., an Illinois corporation
SkyLink Travel Inc., a New York corporation
SkyLink Travel SFO Inc., a California corporation
Skypass Holidays LLC, a Texas limited liability company
Skypass Travel, Inc., a Texas corporation
Trans Am Travel, Inc., a Virginia corporation
TransWorld Travel, Inc., a Delaware corporation

### Exhibit A

Resolutions

*See attached.*

**RESOLUTIONS**
**OF THE**
**SPECIAL COMMITTEES OF THE**
**BOARD OF DIRECTORS AND BOARD OF MANAGERS OF THE**
**ENTITIES SET FORTH ON**
**SCHEDULE I, SCHEDULE II, AND SCHEDULE III HERETO**

Adopted January 14, 2025

**WHEREAS**, (i) all of the members of the Special Committee of the board of directors (in such capacity, the "Schedule I Special Committee Directors") of each entity listed on Schedule I hereto (each, a "Schedule I Entity" and collectively, the "Schedule I Entities"), (ii) all of the members of the Special Committee of the board of managers (in such capacity, the "Schedule II Special Committee Managers") of each entity listed on Schedule II hereto (each, a "Schedule II Entity" and collectively, the "Schedule II Entities"), and (iii) all of the members of the Special Committee of the board of directors (in such capacity, the "Schedule III Special Committee Directors") of the entity listed on Schedule III hereto (the "Schedule III Entity" and together with the Schedule I Entities and the Schedule II Entities, each, a "Company" and, collectively, the "Companies") met at a lawfully convened meeting of the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors on January 14, 2025;

**WHEREAS**, on December 17, 2024, pursuant to the Omnibus Written Consent of the Stockholders (the "Stockholder Consent"), the stockholders of the Schedule I Entities amended the bylaws of each of the Schedule I Entities to create a special committee of the board of directors of each Schedule I Entity, which would have the exclusive power and authority to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule I Entity;

**WHEREAS**, the Stockholder Consent provides that the Board of Directors of each Schedule I Entity (the "Schedule I Boards") shall not take any action regarding certain matters, including, the potential restructuring of operations, which shall include overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule I Entity, without a prior favorable recommendation thereof from the special committee of such Schedule I Entity;

**WHEREAS**, on December 17, 2024, pursuant to the Omnibus Written Consent of the Sole Members (the "Sole Member Consent"), the sole members of the Schedule II Entities amended the operating agreements of each of the Schedule II Entities to create a special committee of the board of managers of each Schedule II Entity, which would have the exclusive power and authority to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule II Entity;

**WHEREAS**, the Sole Member Consent provides that the Board of Managers of each Schedule II Entity (the "Schedule II Boards") shall not take any action regarding certain

matters, including, the potential restructuring of operations, which shall include overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to any Schedule II Entity, without a prior favorable recommendation thereof from the special committee of such Schedule II Entity;

WHEREAS, on December 17, 2024, pursuant to the Unanimous Written Consent of the Board of Directors of Mondee Holdings, Inc. (the "Board Consent"), the board of directors of the Schedule III Entity established a special committee of the Board and delegated exclusive power and authority to such special committee to address matters relating to the potential restructuring of operations, including overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to the Schedule III Entity;

WHEREAS, the Board Consent provides that the Board of Directors of the Schedule III Entity (the "Schedule III Board") shall not take any action regarding certain matters, including, the potential restructuring of operations, which shall include overseeing, negotiating, authorizing and implementing an insolvency proceeding with respect to the Schedule III Entity, without a prior favorable recommendation thereof from the special committee of the Schedule III Entity;

WHEREAS, (i) the Schedule I Special Committee Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Special Committee Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Special Committee Directors, acting on behalf of the Schedule III Entity, have reviewed and considered the financial and operational condition of each Company and each Company's business on the date hereof, including the historical performance of each Company, the assets of each Company, the current and long-term liabilities of each Company, the market for each Company's assets, credit market conditions, and macroeconomic conditions impacting each Company;

WHEREAS, as a result of the financial condition of each Company, each Company engaged counsel and financial advisors to provide advice to the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, as applicable, regarding their obligations to its creditors, equity holders, employees and other interested parties;

WHEREAS, (i) the Schedule I Special Committee Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Special Committee Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Special Committee Directors, acting on behalf of the Schedule III Entity, have had the opportunity to consult with senior management of each Company and each Company's legal, financial, and other advisors and fully consider the strategic alternatives available to each Company;

WHEREAS, (i) the Schedule I Special Committee Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Special Committee Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Special Committee Directors, acting on behalf of the Schedule III Entity, have received, reviewed, and considered the recommendations of the senior management of each Company and each Company's legal and

financial advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "<u>Bankruptcy Code</u>") and has determined that, in its judgment, it is advisable and in the best interests of each Company, its creditors, equity holders, employees and other interested parties that each Company voluntarily files petitions (each, a "<u>Petition</u>" and collectively, the "<u>Petitions</u>" and, such cases, the "<u>Bankruptcy Cases</u>") for relief under the Bankruptcy Code; and

**WHEREAS**, in support of the Bankruptcy Cases, each Company intends to enter into (i) that certain *Superpriority Secured Debtor-in-Possession Financing Agreement* (as the same may be amended, restated, supplemented or otherwise modified from time to time in accordance with the terms thereof, together with the schedules and exhibits attached thereto, and all agreements, documents, instruments and amendments executed and delivered in connection therewith, the "<u>DIP Documents</u>"), by and among Mondee, Inc. and its domestic direct and indirect subsidiaries, as borrowers, Mondee Holdings, Inc., Mondee Holdings II, LLC, and Mondee Brazil, LLC, as guarantors, the lenders from time to time party thereto and TCW Asset Management Company, LLC, as administrative agent and collateral agent (the "<u>DIP Agent</u>"), on the terms and subject to the conditions expressly set forth therein, (ii) that certain *Asset Purchase Agreement* (the "<u>Stalking Horse APA</u>"), by and among Mondee Holdings, Inc., and the Purchaser (as defined therein) and any of its permitted assignees, and the other parties thereto, consistent with the terms set forth in that certain *Stalking Horse Term Sheet* attached as Exhibit D to the RSA (as defined herein), and (iii) that certain *Restructuring Support Agreement*, dated January 14, 2024, by and among the Companies, Prasad Gundumogula, and the Consenting Prepetition Lenders (as defined therein) (the "<u>RSA</u>");

**WHEREAS**, (i) the Schedule I Special Committee Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Special Committee Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Special Committee Directors, acting on behalf of the Schedule III Entity, desire to adopt and approve the following resolutions; and

**WHEREAS**, for the avoidance of doubt given the language in the Stockholder Consent, the Sole Member Consent, and the Board Consent, (i) the Schedule I Special Committee Directors, acting, as applicable, on behalf of the Schedule I Entities, (ii) the Schedule II Special Committee Managers, acting, as applicable, on behalf of the Schedule II Entities, and (iii) the Schedule III Special Committee Directors, acting on behalf of the Schedule III Entity, desire to also make a favorable recommendation regarding the following resolutions to the Schedule I Boards, the Schedule II Boards, and the Schedule III Board, as applicable.

**NOW, THEREFORE, BE IT:**

## Commencement and Prosecution of the Bankruptcy Cases

**RESOLVED**, that, in the judgment of the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, it is desirable and in the best interests of each Company, its creditors, stockholders, employees, and other interested parties that a Petition be filed by each Company in the United States

Bankruptcy Court for the District of Delaware (the "<u>Bankruptcy Court</u>") commencing the Bankruptcy Cases under the provisions of chapter 11 of the Bankruptcy Code; and it is further

**RESOLVED**, that the filing of the Petitions on behalf of the Companies be, and the same hereby is, approved, authorized, and adopted in all respects and that each Company's chief executive officer, chief financial officer, and chief restructuring officer (each of the foregoing, individually, an "<u>Authorized Officer</u>" and collectively, the "<u>Authorized Officers</u>"), be and they hereby are, authorized and empowered on behalf of such Company, to execute, acknowledge, deliver, and verify the Petitions and to cause the same to be filed with the Bankruptcy Court at such time and in such form as any of the Authorized Officers may determine (which approval and authorization thereof shall be conclusively evidenced by the filing of the Petitions with the Bankruptcy Court); and it is further

**RESOLVED**, that the respective Authorized Officers of each Company be, and hereby are, authorized to (a) execute and file the Petitions, along with all schedules of assets and liabilities, statements of financial affairs, lists, motions, applications, pleadings, declarations and other papers that any of the Authorized Officers may determine necessary or proper in connection with such Bankruptcy Cases, (b) execute, acknowledge, deliver, and verify any and all documents necessary or proper in connection with the Petitions and to administer the Bankruptcy Cases in such form or forms as any of the Authorized Officers may determine necessary or proper and in order to effectuate the foregoing resolutions, and (c) engage any professionals, including attorneys, accountants, financial advisors, investment bankers, actuaries, consultants, brokers or other experts, as any of the Authorized Officers determine necessary or proper to accomplish the purposes of the resolutions, with any such determinations being conclusively evidenced by the executing, filing, acknowledging, delivering, verifying, or engaging thereof by any such Authorized Officer; and it is further

### Retention of Professionals

**RESOLVED**, that the law firm of Fried, Frank, Harris, Shriver & Jacobson LLP ("<u>Fried Frank</u>"), located at One New York Plaza, New York, NY 10004, shall be, and hereby is, authorized, directed, and empowered to represent each Company as general bankruptcy counsel, to represent and assist each Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including the preparation of pleadings and filings in its Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Fried Frank; and it is further

**RESOLVED**, that the law firm of Young Conaway Stargatt & Taylor, LLP ("<u>Young Conaway</u>"), located at 1000 North King Street, Wilmington, DE, 19801, shall be, and hereby is, authorized, directed and empowered to represent each Company as Delaware bankruptcy counsel, to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights, including the preparation of pleadings and filings in its Bankruptcy Cases; and in connection

therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Young Conaway; and it is further

RESOLVED, that M3 Advisory Partners, LP ("M3"), located at 1700 Broadway, New York, NY 10019, shall be, and hereby is, authorized, directed and empowered to provide to each Company restructuring advisors to represent and assist each such Company in carrying out its duties under the Bankruptcy Code, and to take any and all actions to advance each such Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate motion or application for authority to retain the services of M3; and it is further

RESOLVED, that Piper Sandler & Co. ("Piper Sandler"), located at 600 Lexington Ave. 9th floor, New York, NY 10022, shall be, and hereby is, authorized, directed and empowered to serve as investment banker to represent and assist each Company in connection with the potential restructuring of each such Company's business and in carrying out its duties under the Bankruptcy Code and to take any and all actions to advance each such Company's rights and obligations in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed, and empowered, on behalf of and in the name of each such respective Company, to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Piper Sandler; and it is further

RESOLVED, that Kroll Restructuring Administration LLC ("Kroll" and together with Fried Frank, Young Conaway, M3 and Piper Sandler, collectively, the "Advisors"), located at 55 East 52nd Street, 17th Floor, New York, NY 10055, shall be, and hereby is, authorized, directed and empowered to serve as the notice, claims, solicitation and balloting agent in connection with the Bankruptcy Cases; and in connection therewith, the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of and in the name of each such respective Company to execute appropriate retention agreements, pay appropriate retainers, if required, prior to and immediately upon the filing of the Bankruptcy Cases, and to cause to be filed an appropriate application for authority to retain the services of Kroll; and it is further

RESOLVED, that the Advisors are hereby authorized to take any and all actions necessary or desirable to advance each Company's rights and obligations and facilitate the Bankruptcy Cases; and it is further

## Restructuring Support Agreement

**RESOLVED**, that in the judgment of the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, it is desirable and in the best interests of each Company and its creditors, stockholders, employees, and other interested parties to enter into and perform the restructuring transactions contemplated by the RSA with the Consenting Prepetition Lenders and Prasad Gundumogula, including the Plan (as defined therein), and any action heretofore taken by each such Company in connection with the RSA and the Plan is hereby approved and ratified; and it is further

**RESOLVED**, that the respective Authorized Officers of each Company be, and each of them, acting alone or in any combination, hereby is, authorized, directed and empowered, on behalf of the respective Companies, to execute, acknowledge, and deliver the RSA with such changes, additions, and modifications thereto as any such Authorized Officer executing the same shall approve, such approval to be conclusively evidenced by such Authorized Officer's execution and delivery thereof; and it is further

### Postpetition Financing and Sale Process

**RESOLVED**, that in connection with the Bankruptcy Cases, the respective Authorized Officers of each Company shall be, and hereby are, authorized, directed, and empowered, in the name and on behalf of each of the respective Companies, as a debtor and debtor in possession, to (a) negotiate, execute, and deliver agreements for post-petition financing and use of cash collateral on terms substantially similar to those described or provided to the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, as applicable, including with respect to the DIP Documents; (b) pledge and grant liens on each of the Company's assets as may be contemplated by or required under the terms of such post-petition financing; or (c) execute, deliver, verify and/or file, or cause to be filed and/or executed, delivered or verified, and to amend, supplement or otherwise modify from time to time, all necessary and appropriate documents, including, without limitation, affidavits, schedules, motions, pleadings and other documents, agreements and papers, postpetition financing documents and loan agreements (including any ancillary documents thereto) in such form as any such Authorized Officer may approve, and to take any and all actions that any such Authorized Officer determines advisable, necessary or appropriate in connection with any post-petition financing or any cash collateral usage contemplated hereby or thereby (such approval and the approval of the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, as applicable, to be conclusively evidenced by the execution thereof or taking of such action by any such Authorized Officer); and it is further

**RESOLVED**, that in connection with the Bankruptcy Cases, the respective Authorized Officers of each Company shall be, and hereby are, authorized, directed, and empowered, in the name of and on behalf of each of the respective Companies, to commence a bidding and sale process for each such Company's assets and pursue negotiations with any interested parties regarding a sale of such assets pursuant to section 363 of the Bankruptcy Code or otherwise; and it is further

**RESOLVED**, that in connection with the Bankruptcy Cases, the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special

Committee Directors have determined it is desirable and in the best interest of each Company to enter into that certain Stalking Horse Agreement, and to continue, after commencement of the Bankruptcy Cases, the marketing for sale of each Company's assets and pursue negotiations with any interested parties regarding one or more sales of such assets or otherwise, in each case subject to the terms and conditions set forth therein and the bidding procedures established by the Bankruptcy Court and further authorization of the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, as applicable, of any such sale; and it is further

**RESOLVED**, that the execution and delivery of (a) the Stalking Horse APA, with such changes therein and additions thereto as the respective Authorized Officers of each Company executing the same shall approve, the execution thereof by any such Authorized Officer to be deemed conclusive evidence of such approval, and (b) the other sale documents, including, without limitation, any exhibits, appendices, and schedules thereto, and the performance by each of the respective Companies of its obligations thereunder, hereby are expressly authorized, adopted, confirmed, ratified, and approved with such modifications, changes, additions and deletions thereto as may be approved or deemed necessary, desirable, convenient, advisable or appropriate by any such Authorized Officer executing the same, the execution thereof by such Authorized Officer to be conclusive evidence of such approval, necessity, desirability, convenience, advisability or appropriateness, and such approval is intended to and shall constitute all authorization and approval required by the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, as applicable; and it is further

**RESOLVED**, that each of the respective Authorized Officers of each Company is authorized to make, execute, file and deliver any and all consents, certificates, documents, instruments, amendments, papers or writings as may be required in connection with or in furtherance of any of the foregoing, and to do any and all other acts necessary or desirable to effectuate the foregoing resolutions, the execution and delivery thereof by such Authorized Officer(s) to be deemed conclusive evidence of the approval by each of the respective Companies of the terms, provisions and conditions thereof; and it is further

**RESOLVED**, that any and all past actions heretofore lawfully taken by the respective Authorized Officers of each Company, or any other officers, directors, members or any authorized persons acting under similar authority, as the case may be, of each Company, the Board, the Schedule I Special Committee Directors, the Schedule II Special Committee Managers, and the Schedule III Special Committee Directors, in the name and on behalf of each of the respective Companies in furtherance of any or all of the preceding resolutions are hereby ratified, confirmed, adopted and approved in all respects; and it is further

### General Authorizations

**RESOLVED**, that in addition to the specific authorizations set forth in the foregoing resolutions, the respective Authorized Officers of each Company be, and each of them hereby is, authorized and empowered, in the name and on behalf of each of the respective Companies to take or cause to be taken any and all further actions, to prepare or to cause to be prepared, or to execute and deliver or cause to be executed and delivered, all such other documents,

certificates, instruments and agreements, and to make such filings, in the name and on behalf of each of the respective Companies, to incur and pay any or all such amounts, fees and expenses and engage in any or all such acts, including engaging any persons, as they shall in his or her judgment determine to be necessary, desirable or advisable to carry out fully the intent and purposes of the foregoing resolutions and effect the transactions contemplated by the foregoing resolutions, including, without limitation, any amendment, modification, extension, waiver or consent in connection therewith, and the execution by any of the Authorized Officers of any such documents, certificates, instruments or agreements, or the payment of any such amounts, fees and expenses or the doing by any of them of any act in connection with the foregoing matters shall be conclusive evidence of his or her authority therefor and the approval of the documents, certificates, instruments and agreements so executed, the amounts, fees and expenses so paid, the filings so made and the actions so taken; and it is further

**RESOLVED**, that the actions heretofore taken by any director or officer of each of the Companies in connection with the documents or actions contemplated by the foregoing resolutions are hereby approved, ratified and confirmed in all respects as and for the acts and deeds of the Companies; and it is further

**RESOLVED**, that each or any of the respective Authorized Officers of each Company, acting on behalf of each of the respective Companies, is hereby authorized to execute in the future any amendments or other documents that may be required or desirable to modify, amend, maintain, extend, renew or evidence the documents and transactions described herein; and it is further

**RESOLVED**, that for the avoidance of doubt and with respect to the language in the Stockholder Consent, the Sole Member Consent, and the Board Consent, as applicable, the foregoing resolutions shall be presented to the Schedule I Boards, the Schedule II Boards, and the Schedule III Board, as applicable, with favorable recommendations for their approval as well.

## Schedule I

C & H Travel & Tours, Inc., a California corporation
Cosmopolitan Travel Service, Inc., a Michigan corporation
Cosmopolitan Travel Services Inc., a New York corporation
ExploreTrip, Inc., a Delaware corporation
ExploreTrip IP Holdings, Inc., a Delaware corporation
Hari-World Travel Group, Inc., a Delaware corporation
Mondee Acquisition Company, Inc., a Delaware corporation
Mondee, Inc., a Delaware corporation
Purple Grids Inc, a Delaware corporation
Rocketrip, Inc., a Delaware corporation
SkyLink Travel, Inc., a California corporation
SkyLink Travel, Inc., an Illinois corporation
SkyLink Travel Inc., a New York corporation
SkyLink Travel SFO Inc., a California corporation
Skypass Travel, Inc., a Texas corporation
Trans Am Travel, Inc., a Virginia corporation
TransWorld Travel, Inc., a Delaware corporation

## **Schedule II**

Mondee Brazil, LLC, a Delaware limited liability company
Mondee Holdings II, LLC, a Delaware limited liability company
Skypass Holidays LLC, a Texas limited liability company

## **Schedule III**

Mondee Holdings, Inc., a Delaware corporation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| MONDEE HOLDINGS, INC., *et al.*,[1] | ) | Case No. 25-[●] |
| | ) | |
| Debtors. | ) | (Joint Administration Requested) |
| | ) | |

## CONSOLIDATED CORPORATE OWNERSHIP STATEMENT AND LIST OF EQUITY SECURITY HOLDERS

Pursuant to Rules 1007(a)(1), 1007(a)(3), and 7007.1 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the debtors and debtors in possession in the above-captioned cases (each, a "Debtor" and, collectively, the "Debtors"), hereby state as follows:

1.      The mailing address of Debtor Mondee Holdings, Inc. ("Mondee") and each of the Debtors is 10800 Pecan Park Blvd. #400, Austin, TX 78750.  A list of Mondee's equity interest holders, along with the nature of their equity interests and their addresses, is attached hereto as **Exhibit A**.

2.      Debtor Mondee Holdings II, LLC ("Mondee Holdings") is wholly owned by Mondee.

3.      Debtor Mondee, Inc. is wholly owned by Mondee Holdings.

---

[1]   The Debtors in these chapter 11 cases, along with the last four digits of their federal tax identification numbers, to the extent applicable, are Mondee Holdings, Inc. (2448), Mondee Holdings II, LLC (N/A), Mondee, Inc. (1241), Mondee Brazil, LLC (8656), Cosmopolitan Travel Service, Inc. (2948), Cosmopolitan Travel Services Inc. (0447), C & H Travel & Tours, Inc. (8397), Skylink Travel, Inc. (8041), Skylink Travel, Inc. (8776), Skylink Travel Inc. (4933), Skylink Travel SFO Inc. (9216), Purple Grids Inc. (0805), Trans Am Travel, Inc. (3385), TransWorld Travel, Inc. (9182), Hari-World Travel Group, Inc. (8119), ExploreTrip IP Holdings, Inc. (4871), ExploreTrip, Inc. (8320), Mondee Acquisition Company, Inc. (2692), Rocketrip, Inc. (3983), Skypass Travel, Inc. (0895), and Skypass Holidays LLC (N/A).  The Debtors' service address for purposes of these chapter 11 cases is: 10800 Pecan Park Blvd. #400, Austin, TX 78750.

4.    Debtors C & H Travel & Tours, Inc., Cosmopolitan Travel Service, Inc. (MI) ("<u>Cosmopolitan Travel Service</u>"), ExploreTrip, Inc, ExploreTrip IP Holdings, Inc., Hari-World Travel Group, Inc., Mondee Acquisition Company, Inc., Mondee Brazil, LLC, Purple Grids Inc., Rocketrip, Inc., Skylink Travel Inc. (NY), Skylink Travel, Inc. (CA), Skylink Travel, Inc. (IL), Skylink Travel SFO Inc., Skypass Holidays LLC, Skypass Travel, Inc., Trans Am Travel, Inc. and TransWorld Travel, Inc. are wholly owned by Mondee, Inc.

5.    Debtor Cosmopolitan Travel Services Inc. (NY) is 55% owned by Cosmopolitan Travel Service and 45% owned by Mondee, Inc.

**<u>Exhibit A</u>**

**List of Equity Interest Holders in Mondee Holdings, Inc.[1]**

---

[1]    As of January 14, 2025.  The Debtors may supplement the list of equity interest holders from time to time in accordance with Bankruptcy Rule 1007.

**In the United States Bankruptcy Court**
**for the District of Delaware**

In re:    Mondee Holdings, Inc.                    Case No. _____
                    Debtor(s)

                                                  Chapter         11

# LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) of the Federal Rules of Bankruptcy Procedure for filing in these chapter 11 cases.

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| ALEXANDROS ARGYROS<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 14,293 | Common |
| ALKOBI ZAHARI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| ANDREW BARRERA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 200 | Common |
| ANUJ GARG<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| ANURADHA JADHAV<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,146 | Common |
| APPECHERLA SANDHYA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| ARPIT BHATT<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,149 | Common |
| BALLA PRATIMA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| BARBARA ANN VILLACIN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| BHANU PRAKASH THOGUNOORI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| BHARATH KOLLA VENKATESH<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |

In re:      Mondee Holdings, Inc.                          Case No. _____
_____
                    Debtor(s)                              Chapter        11
_____

# LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| BLACK OAK INVESTMENTS LTD<br>9 KAFKASOU, TREPPIDES TOWER, FLOOR 5TH, AGLANTZIA<br>NICOSIA 2112 CY | Common Shares | 24,573 | Common |
| BORRA NAGA VAMSI KRISHNA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 6,784 | Common |
| BOYAPATI NIRANJAN PRASAD<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 22,924 | Common |
| CEDE & CO<br>570 WASHINGTON BLVD<br>JERSEY CITY NJ 07310-1617 | Common Shares | 32,811,463 | Common |
| CHINNIAH DINADYALU KESAVALU<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| CINDY WONG<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 860 | Common |
| CONTINENTAL STOCK TRANSFER & TRUST AS ESCROW AGENT FOR THE BENEFIT OF MONDEE HOLDINGS, INC.<br>1 STATE ST FL 30<br>NEW YORK NY 10004-1571 | Common Shares | 823,203 | Common |
| CONTINENTAL STOCK TRANSFER & TRUST AS ESCROW AGENT FOR THE BENEFIT OF MONDEE HOLDINGS INC. DIANA KREPINSKY RODRIGUES & CYNTHIA SHERRY ANN KREPINSKY RODRIGUES, 1 STATE ST FL 30 NEW YORK NY 10004-1571 | Common Shares | 411,000 | Common |
| DERIC JOEL JAMES<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| DHAGU ASHWANTH REDDY<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| ENTERTAINMENT BENEFITS GROUP, LLC<br>ATTENTION: BRETT REIZEN, 19495 BISCAYNE BLVD<br>STE 300<br>AVENTURA FL 33180-2319 | Common Shares | 150,000 | Common |

In re:   Mondee Holdings, Inc.        Case No. _____
                    **Debtor(s)**

                              Chapter      11      _____

## LIST OF EQUITY SECURITY HOLDERS
(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
| --- | --- | --- | --- |
| FLY OCP LLC<br>C/O ORIGAMI CAPITAL PARTNERS,<br>191 N WACKER DR STE 2350<br>CHICAGO IL 60606-1647 | Common Shares | 9,410,720 | Common |
| GOWRI SANKAR SUSERLA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 8,023 | Common |
| GRACE MA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| HARI SUNDAR VENKATA RAMANI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 48,571 | Common |
| HIRANYANDRA KUMAR GODUGU<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 13,422 | Common |
| JAGADEESH CHINTHAPALLY<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| JALENDAR POTTABATHULA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| JASPAL KAUR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 11,462 | Common |
| JAYARAMAN SWAMINATHAN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 41,429 | Common |
| JERMIAS<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| JIANMEI CHEN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,146 | Common |
| JING ZHAO<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,146 | Common |
| JITENDRA KUMAR PARIDA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| JOSEPH VIJAY RAJ JOHN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 87,552 | Common |

In re:    Mondee Holdings, Inc. _____    Case No. _____
                        Debtor(s)

                                Chapter    11    _____

## LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| JULIETTE LI QIU<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| KAKINADA VARA LAKSHMI VEDAVATHI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| KALASHAKAM RADHIKA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| KATE YUK KAY LEUNG<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 645 | Common |
| KATTA VARA PRASAD<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,719 | Common |
| KAVITHA V. RAMAKRISHNAN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 28,571 | Common |
| KENT KARPAWICH<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 100,000 | Common |
| KESHABA KUMAR GANTAYAT<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,292 | Common |
| KOSER T MASALAWALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| KRISHNA BABU ADDALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| KULASEKARA PANDIYAN SIVAGNANAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| LAKSHMI PRASHANTH BONAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| LAKSHMI VARA PRASAD YERRAMSETTY<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 11,462 | Common |
| LBF TRAVEL MANAGEMENT CORP.<br>5471 RUTGERS RD<br>LA JOLLA CA 92037-7820 | Common Shares | 549,834 | Common |
| LISA WAI SIN CHAN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,361 | Common |

In re:    Mondee Holdings, Inc.                    Case No. _____
                          Debtor(s)

                                              Chapter    11

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| MADHU BABU RAVI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| MADHURI PASAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 587,422 | Common |
| MALATHI BOOREDDY<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 4,012 | Common |
| MALLAPAREDDY SARADA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| MANIKANTA PRUDHVI PRABHAKAR JONNALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 5,731 | Common |
| MARIA CECILIA BELISTA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| MEIYAPPAN SATHAPPAN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 98,517 | Common |
| MICHAEL O'DONOVAN MURPHY III<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 100 | Common |
| MICHAEL THOMAS<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 166 | Common |
| MICHELLE YANG<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,006 | Common |
| MOHAMMED ABDUL MATEEN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| MONDEE GROUP LLC<br>2213 VENETIAN SKY DR<br>LEANDER TX 78641-3881 | Common Shares | 20,177,764 | Common |
| MONDEE HOLDINGS, LLC<br>10800 PECAN PARK BLVD STE 315<br>AUSTIN TX 78750-1485 | Common Shares | 2,110,123 | Common |
| MURALIKRISHNA GARAPATI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |

In re:     Mondee Holdings, Inc.                      Case No. _____
                         Debtor(s)

                                                      Chapter         11        _____

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| NADIRA KERMANI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| NAKKA DURGA KIRAN KUMAR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| NH CREDIT PARTNERS III HOLDINGS L.P.<br>1585 Broadway, 23rd floor<br>New York, NY 10036 | Series A-2<br>Preferred Stock | 10,000 | Preferred |
| NH CREDIT PARTNERS III HOLDINGS L.P.<br>1585 Broadway, 23rd floor<br>New York, NY 10036 | Series A-3<br>Preferred Stock | 1,300 | Preferred |
| NH CREDIT PARTNERS III HOLDINGS L.P.<br>1585 BROADWAY FL 39<br>NEW YORK NY 10036 | Common Shares | 1,985,885 | Common |
| NH EXPANSION CREDIT FUND HOLDINGS LP<br>1585 BROADWAY FL 23<br>NEW YORK NY 10036 | Common Shares | 2,715,629 | Common |
| NJ/TCW DIRECT LENDING LLC<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 17,558 | Common |
| NORTH HAVEN CREDIT PARTNERS II L.P.<br>1585 BROADWAY FL 23<br>NEW YORK NY 10036 | Common Shares | 3,755,367 | Common |
| ORESTES FINTIKLIS<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 900,000 | Common |
| PARBATTIE POWERS<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| PARVEZ KAMAL<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 8,596 | Common |
| PASAM SRAVANI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,074 | Common |
| PATNAM NARESH KUMAR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| PAULA SVADLENA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 931 | Common |

In re:    Mondee Holdings, Inc.    Case No. _____
    Debtor(s)

    Chapter    11

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| PAVAN KUMAR THEETI ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| PRASAD CHARY PADAKANTI ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| PRASAD GUNDUMOGULA ADDRESS AVAILABLE UPON REQUEST | Common Shares | 3,408,046 | Common |
| PRASAD GUNDUMOGULA ADDRESS AVAILABLE UPON REQUEST | Common Shares | 6,000,000 | Common |
| PRAVEEN KUMAR KOILAKONDA ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| PUPPALA SUDHIR ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,074 | Common |
| RACHEL XIAO FENG TAN ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| RAJA VENKATESH ADDRESS AVAILABLE UPON REQUEST | Common Shares | 660,871 | Common |
| RAJESH ANUGONDA ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,146 | Common |
| RAJU GAJAM ADDRESS AVAILABLE UPON REQUEST | Common Shares | 5,731 | Common |
| RAM KUMAR SHAH ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| RAMA CHAWLA ADDRESS AVAILABLE UPON REQUEST | Common Shares | 8,596 | Common |
| RAMESH PONNAM ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| RAMESH PUNWANI ADDRESS AVAILABLE UPON REQUEST | Common Shares | 100,097 | Common |
| RAMYA DEVI NARUKULA ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |

In re:  Mondee Holdings, Inc.  Case No. _____
Debtor(s)

Chapter    11

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| RASALA KISHORE<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,149 | Common |
| RAYMOND SAI TAK CHOW<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 3,324 | Common |
| RELIANCE STANDARD LIFE INSURANCE COMPANY<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 40,248 | Common |
| RUFO TOMAS LUJAN CALVO<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,579 | Common |
| RYAN HETHERINGTON<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 25,000 | Common |
| S KIRAN KUMAR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| SABBANI KIRAN BABU<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| SAFETY NATIONAL CASUALTY CORP<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 35,217 | Common |
| SAI KUMAR BILLA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| SAJJA HEMUPATHAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| SANGAREDDY CHENNURI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| SANJAY GOPAL KOPALKAR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 9,313 | Common |
| SANTHOSH KUMAR NARAYANA PILLAI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 154,503 | Common |
| SANTOSH KUMAR PATRO<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |

In re:    Mondee Holdings, Inc.            Case No. _____
_____
            Debtor(s)

                        Chapter    11    _____

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| SARVANI KALIDINDI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,074 | Common |
| SASIDHAR KARRI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 15,832 | Common |
| SATISH BABU G<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,146 | Common |
| SEEMA FATIMA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 22,924 | Common |
| SERENA YEH<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 860 | Common |
| SHAHNAZ PITHAWALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 3,582 | Common |
| SHARADHA NANAVATH<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| SHERLY ABRAHAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 45,000 | Common |
| SHIBI SUDHAKARAN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 311,332 | Common |
| SIU LING BENNETT<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| SIVA PETLURU<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 4,012 | Common |
| SONIA DEV DEVADAS SARAMMA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,129,524 | Common |
| SRIDHAR BATTALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| SUBBARAO MUTYALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| SUDHARANI BHAMIDIPATI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 8,596 | Common |

In re:    Mondee Holdings, Inc. _____    Case No. _____
          Debtor(s)

          Chapter    11 _____

# LIST OF EQUITY SECURITY HOLDERS
### (Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| SUKHWINDER SINGH DHAMI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 716 | Common |
| SUNIL BHARDWAJ<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,433 | Common |
| SURESH GONEPUDI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 5,731 | Common |
| SURESH RAMANJERI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| SURYA MANIKANTA KRISHNA RAHUL KUMAR LANKALAPALLI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 5,731 | Common |
| SYED JOHN RAZA RIZVI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,089 | Common |
| TAK YIN WONG<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,146 | Common |
| TCW BRAZOS FUND LLC<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 28,744 | Common |
| TCW DIRECT LENDING STRUCTURED SOLUTIONS 2019 LLC<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 111,718 | Common |
| TCW DIRECT LENDING VII LLC<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 570,627 | Common |
| TCW SKYLINE LENDING LP<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 81,301 | Common |
| TIRUNAHARI SAICHARAN<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 287 | Common |
| TUESDAY INVESTOR LLC<br>520 Madison Ave,<br>New York, NY 10022 | Series A-2 Preferred Stock | 75,000 | Preferred |

In re:    Mondee Holdings, Inc.    Case No. _____

_____
Debtor(s)

Chapter    11    _____

## LIST OF EQUITY SECURITY HOLDERS

(Continuation Sheet)

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| TUESDAY INVESTOR LLC<br>520 Madison Ave,<br>New York, NY 10022 | Series A-3 Preferred Stock | 10,000 | Preferred |
| US SPECIALTY INSURANCE COMPANY<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 25,155 | Common |
| VADDI SUDHA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 11,462 | Common |
| VELADI SANTOSH KUMAR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| VENKATA NAIDU MUTYALA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| VENKATA NARENDER KUMAR KONDAVATY<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 17,193 | Common |
| VENKATA RAMANA PRASAD KUSAMPUDI<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 2,865 | Common |
| VENKATA ROHITH SIRIPURAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 573 | Common |
| VICTOR ABRAHAM<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 855,000 | Common |
| VIKASH PRABHAKAR<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 11,462 | Common |
| VIVEK MISHRA<br>ADDRESS AVAILABLE UPON REQUEST | Common Shares | 1,719 | Common |
| WEST VIRGINIA DIRECT LENDING LLC<br>200 CLARENDON ST FL 51<br>BOSTON MA 02116-5021 | Common Shares | 20,106 | Common |

**Fill in this information to identify the case and this filing:**

Debtor Name _____

United States Bankruptcy Court for the: _____ District of _____
(State)

Case number (*If known*): _____

# Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors
**12/15**

**An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.**

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

## Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

❑ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

❑ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

❑ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

❑ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

❑ *Schedule H: Codebtors* (Official Form 206H)

❑ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

❑ Amended *Schedule* ____

❑ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 30 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

❑ Other document that requires a declaration_____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____          ✘ _____
          MM / DD / YYYY                        Signature of individual signing on behalf of debtor

          _____
          Printed name

          _____
          Position or relationship to debtor